**Maria G. NAVARRO–FIGUEROA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–70132.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2014.

Filed Feb. 19, 2014.

Carlos Ramirez, Esquire Law Office of Noemi G. Ramirez, APLC Los Angeles, CA, for Petitioner.

OIL, Andrew Jacob Oliveira, Esquire, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER and CLIFTON, Circuit Judges, and COGAN, District Judge.*

MEMORANDUM **

Maria Navarro–Figueroa petitions for review of the decision of the Board of Immigration Appeals ("BIA") finding her removable for having assisted an undocumented alien in entering the United States. *See* 8 U.S.C. § 1227(a)(1)(E)(i). We deny the petition.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Navarro–Figueroa contends that the BIA erred in relying on three I–213 forms and a G–166 report of investigation because those documents contained statements obtained in violation of 8 C.F.R. § 287.3(c). Section 287.3(c) provides that an alien who has been "arrested without warrant and placed in formal proceedings" must be informed that she has a right to counsel and that statements she makes may be used against her. Formal proceedings commence with the filing of a notice to appear in the immigration court. *Samayoa–Martinez v. Holder*, 558 F.3d 897, 901–02 (9th Cir.2009). Because Officer Rivera questioned Navarro–Figueroa before a notice to appear was filed in the immigration court, Navarro–Figueroa was not entitled to be informed of her rights.

Substantial evidence supports the BIA's determination that Navarro–Figueroa affirmatively assisted Beatrice Perez–Cej a in entering the United States in violation of law. The immigration forms and the testimony of Officer Rivera indicated that Navarro–Figueroa met with Perez–Ceja in Tijuana and agreed to drive Perez–Ceja to Los Angeles after she crossed the border, knowing that Perez–Ceja lacked permission to enter the United States legally.

Petition **DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.